Per Curiam.
 

 Mere inadequacy of price is no reason for setting aside a sale; neither does it appear that there was any defect in the setting up notices of this sale; but the important objection to it is, that it was made at an unusual place, far from the premises, and from the place where a fair price would most probably have been obtained
 
 *24
 
 for the land. This was likely to mislead purchasers who might only hear of the sale without seeing the advertisements; and did in fact mislead the person who was most interested in becoming a bidder to secure the property for the other owners, or to prevent its sacrifice.
 

 Comegys
 
 and
 
 Bates,
 
 for plaintiff.
 

 Frame,
 
 for the purchaser.
 

 In Kent and Sussex, the law gives the sheriff a discretion as to the place of sale, but this discretion must be properly exercised in' reference to the great objects of the sale, to wit: notice to all persons, and the procuring a full and fair price. In New Castle county, the law makes it the duty of the sheriff to make all sales of real estate either on the premises, or at some public house near the same; which shows the solicitude of the Legislature on this subject, and the general impression that a sale near the premises would, in most cases, bo most likely to prove the best. Circumstances might exist to render the county town the most suitable place of sale; and, in such cases, the sheriff ought to make sale at that place; but in the present case, we think a sale at Smyrna, where lands in that neighborhood are usually sold, would have been more judicious, and that the very great sacrifice made on the property, was owing to the salo being made in Dover.
 

 Sale set aside at the defendant’s costs.